Benjamin Newbekg, J.
Defendant seeks an order dismissing the indictment for failure to prosecute, under section 668 of the Code of Criminal Procedure.
This defendant was indicted on March 15, 1968 and arraigned on April 18, 1968, charged with the commission of the crimes of assault in the first degree and reckless endangerment. Both of these charges are contained in one indictment.
The papers submitted in support of the application to dismiss allege that this indictment never appeared on the calendar for trial and no adjournments had at any time been requested by the defendant.
The opposing papers submitted by the Assistant District Attorney allege that this case was moved for trial at every term of court up to and including March, 1970. It is alleged by the District Attorney’s office that many cases were not moved for trial for the reason that defendants incarcerated had first preference and where defendants were not incarcerated it was an exercise in futility to move these cases for trial. This was based upon the attitude that these cases could not be reached for trial and that it had been the experience of the District Attorney’s office that Trial Terms were consumed entirely with the trials of incarcerated defendants.
The court has checked with the court stenographer and it appears that the above-entitled action was not moved for trial by the District Attorney’s office for the December 1968, February 1969, June 1969. December 1969, and March 1970 terms of the County Court.
The unilateral decision by the District Attorney’s office not to move a criminal case for trial for the reason that in all probability it would not be reached for trial at any particular term is not a good cause for delay. Although most of the terms had been consumed by the trials of incarcerated defendants, there are innumerable cases involving defendants not in custody whose matters were disposed of by plea after such cases were moved for trial.
It appears that the failure to move said case for trial at the terms above specified resulted in a delay which is prima facie unreasonable. It appears further that the defendant in no manner waived his right to a speedy trial herein, and defendant’s failure to demand final disposition of the charges under section 669-a of the Code of Criminal Procedure is not a relinquishment of his right to move for a dismissal under section 668. It appears further here that the People have failed to establish a good cause for the delay of the trial of the above-entitled matter.
*122 The courts have held that a two-year delay is prima facie unreasonable (People v. Bryant, 12 N Y 2d 719; People v. Prosser, 309 N. Y. 353).
Failure to demand final disposition is no relinquishment of defendant’s rights (People v. Segura, 6 N Y 2d 936). Motion to dismiss granted.